UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILMORE WILEY WHITMORE** | **CIVIL ACTION** |
| **VERSUS** | **No. 17-1265** |
| **BANK OF NEW YORK MELLON ET AL.** | **SECTION I** |

## ORDER AND REASONS

Before the Court are a motion[1] to dismiss filed by Bank of America National Association and a motion[2] for judgment on the pleadings filed by Bank of New York Mellon and Ditech Financial LLC. For the following reasons, the Court grants the motions in part.

### I.

Homeowners who are at imminent risk of defaulting or who have already defaulted on mortgage loans can apply for modification of their mortgage through the Home Affordable Modification Program ("HAMP"), a federal mortgage assistance program. Through HAMP, the United States Treasury Department offers mortgage loan servicers—such as defendants Bank of America National Association ("BANA") and Ditech Financial LLC ("Ditech")—incentives to participate in loan modifications. A "short sale" or a deed-in-lieu of foreclosure are options available to certain homeowners through the Home Affordable Foreclosure Alternatives Program ("HAFA"), a sub-program of HAMP. *See* Stephen F.J. Ornstein et. al., *Eligibility and*

---

[1] R. Doc. No. 11.
[2] R. Doc. No. 13.

*Foreclosure Alternatives in the Hamp Home Affordable Refinancing and Foreclosure Alternatives Programs*, 64 Consumer Fin. L.Q. Rep. 415, 416 (2010).

Pro se plaintiff Wilmore Whitmore filed this lawsuit relative to the foreclosure of his home. He claims that he entered into a valid short sale agreement with BANA under the federal assistance programs described above and that BANA and the other defendants breached the short sale agreement. A "short sale" agreement refers to a transaction where the mortgagee/lender and other creditors and lienholders having a recorded interest in the borrower's property which is in the process of being foreclosed agree to accept less than the full amount due on the loan. The loan servicer agrees to hold off or postpone the foreclosure proceedings in order to give the owner time to sell the property in the market. The loan servicer then accepts the net proceeds of the sale as satisfaction in full of the total amount due on the loan. *See* Other Making Home Affordable programs—Home Affordable Foreclosure Alternatives (HAFA), Real Estate & Mortgage Banking § 7:98. Whitmore claims the defendants breached his short sale agreement by foreclosing on his home before the time for Whitmore to sell his home on the market had expired.

Whitmore and his wife filed a petition for injunctive relief against defendant Bank of New York Mellon ("BNY Mellon") in state court in 2013 in an attempt to halt the foreclosure of their home. BNY Mellon is the trustee for the certificate holders of the note on Whitmore's mortgage. Defendant Ditech is the current servicer of the mortgage loan and defendant BANA was the previous servicer of the mortgage loan. After filing the lawsuit, Whitmore and his wife filed a motion to dismiss the state

court action with prejudice which was granted by the state court on August 16, 2013. The defendants now argue, inter alia, that the prior dismissal with prejudice bars Whitmore's re-assertion of his claims in this lawsuit. The Court agrees. Nevertheless, it only grants the defendants' motions in part in order to afford Whitmore an opportunity to amend his complaint.

## II.

Although all of the defendants seek dismissal on the basis of res judicata, they filed their motions pursuant to different Rules of Civil Procedure. As stated above, BANA filed a Rule 12(b)(6) motion and BNY Mellon and Ditech filed a Rule 12(c) motion. Rule 12(b)(6) permits a defendant to seek a dismissal of a complaint based on the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Rule 12(c) states that, "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).

The Fifth Circuit holds that "[t]he standard for dismissal under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6)." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). Under either type of motion, the Court must look only to the pleadings and must accept all well-pled factual allegations as true. *Brittan Commc'ns Int'l Corp. v. Sw. Bell Tel. Co.*, 313 F.3d 899, 904 (5th Cir. 2002). "Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of material fact and only questions of law remain." *Id.* "[T]he central issue is whether, in the light most

3

favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* (internal quotation marks omitted).

"Generally, a court ruling on a 12(b)(6) motion may rely on the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Phillips v. Home Path Fin., L.P.*, No. 15-11290, 2017 WL 629270, at *1 (5th Cir. Feb. 15, 2017) (internal quotation marks omitted). The same is true with respect to Rule 12(c) motions. *See Bosarge v. Mississippi Bureau of Narcotics*, 796 F.3d 435, 440 (5th Cir. 2015); *Hebert Abstract Co. v. Touchstone Properties, Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990).[3]

### III.

When determining the preclusive effect of a state court judgment, federal courts apply the preclusion law of the state that rendered the earlier judgment. *Weaver v. Tex. Capital Bank N.A.*, 660 F.3d 900, 906 (5th Cir. 2011). Under Louisiana law, in order to establish that res judicata bars an action the defendant must prove that: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second lawsuit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second lawsuit arose out of the transaction or occurrence that was the subject

---

[3] The Court may take judicial notice of "matters of public record," including public records in state court proceedings. *Lamar Cty. Elec. Co-op. Ass'n v. Rayburn Country Elec. Co-op., Inc.*, 330 F. Supp. 2d 763, 764 n.1 (E.D. La. 2002) (Vance, J.). The defendants invite the Court to take judicial notice of the dismissal in Whitmore's prior state court action, *see* R. Doc. No. 11-4, and the Court does so. *See* Fed. R. Evid. 201(c)(2) ("The court must take judicial notice if a party requests it and the court is supplied with the necessary information.").

4

matter of the first litigation. *Burguieres v. Pollingue*, 843 So. 2d 1049, 1053 (La. 2003) (citing La. R.S. 13:4231).

The first two elements are met. There is no dispute that the state court judgment was valid and that a dismissal with prejudice of all claims—even a voluntary one—counts as a final judgment under Louisiana law. *See Buck v. Deutsche Bank Nat. Trust Co.*, No. 05-2986, 2006 WL 1968863, at *3 (E.D. La. July 12, 2006) (Vance, J.).

The third element is satisfied because Whitmore and BNY Mellon were both parties to the state court action and because BANA and Ditech, as the former and current servicers of the mortgage, are in privity with BNY Mellon for the purposes of res judicata. In Louisiana, a final judgment binds a nonparty where "the nonparty's interests were adequately represented by a party to the action, who may be considered the 'virtual representative' of the nonparty, because the interests of the party and the nonparty are so closely aligned." *See Mandalay Oil & Gas, L.L.C. v. Energy Dev. Corp.*, 880 So. 2d 129, 142 (La. App. 1 Cir. 2004). Based on these facts, the preexisting relationship between the trustee for the certificate holders of the mortgage note and the servicers of the mortgage is sufficiently close to establish privity for res judicata purposes. *Cf. Murphy v. Hsbc Bank USA*, 2017 WL 393595, at *5 (S.D. Tex. Jan. 30, 2017) (noting that "[t]he preexisting relationship between a mortgage holder, a mortgage servicer, and a mortgage lender usually is sufficient to establish privity for res judicata purposes" under Texas law); *Everhart v. Citibank,*

5

*NA.*, 2015 WL 12805172, at *3 (S.D. Tex. Mar. 30, 2015) (recognizing that "courts have found [that] a trustee and servicer are in privity" under Texas res judicata law).

The final two elements are also met. Although communications have been exchanged between Whitmore and the defendants since the dismissal of Whitmore's earlier lawsuit, the basis for Whitmore's claims is his belief that the defendants violated the short sale agreement by initiating foreclosure proceedings in 2013. "After a final judgment, res judicata bars relitigation of any subject matter arising from the same transaction or occurrence as a previous suit." *Henkelmann v. Whiskey Island Pres., LLC*, 145 So. 3d 465, 470 (La. App. 1 Cir. 2014) (emphasis omitted). Because all of Whitmore's claims arise out of the same transaction or occurrence which led to he and his wife filing the previous lawsuit, the claims are now barred. Although the defendants do not specifically argue it, the Court notes that this is true even though Whitmore asserts both contractual claims and tort claims.

Under Louisiana law, res judicata bars claims in the second litigation which could have been raised in the first litigation, irrespective of whether the legal theory of recovery in the two lawsuits is the same. *See Schnell v. Mendoza*, 142 So. 3d 238, 241 (La. App. 5 Cir. 2014) ("Plaintiff argues that her first suit sounded in tort, and therefore does not preclude the instant (second) suit, which alleges a breach of the bond for deed contract, [but] to overcome an exception of res judicata . . . requires a plaintiff in the first proceeding to assert all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation, regardless of the legal theory or particular cause of action . . . ."

(internal quotation marks omitted)); *Sours v. Kneipp*, 923 So. 2d 981, 984 (La. App. 2 Cir. 2006) ("Finally, Mr. Sours argues that the prior action did not involve the same claim or cause of action because the prior action was for negligence, whereas the instant cause of action is for breach of contract. . . . [W]e find that Mr. Sours' final argument lacks merit."). Because res judicata bars relitigation of "any subject matter arising from the same transaction or occurrence as a previous suit," Whitmore's tort claims are also barred by the previous dismissal. *See Henkelmann*, 145 So. 3d at 470.[4]

## IV.

There is one final issue worth addressing. It is true that a breach of contract action based on the defendants' alleged violation of the short sale agreement is barred by res judicata. However, the Court observes that the state court order dismissing Whitmore's prior action states that a compromise and settlement agreement was reached between the parties. *See* R. Doc. No. 11-4. It is not entirely clear from Whitmore's complaint whether he is asserting that the defendants violated that settlement agreement (assuming the parties actually reached one). If Whitmore is asserting such a claim, it would not necessarily be barred by res judicata.

---

[4] Only one argument against the application of res judicata is advanced by Whitmore. Whitmore attaches to his opposition a 2011 order by the U.S. District Court for the Middle District of Georgia. *See* R. Doc. No. 14-2. The order addresses a plaintiff's right to obtain a voluntary dismissal under Rule 41 of the Federal Rules of Civil Procedure and whether that right is extinguished by the filing of a motion to dismiss under Rule 12. Plaintiff's argument is not clear, and the case cited by plaintiff is of no relevance. This Court will not divine an argument not specifically advanced by plaintiff.

The Court will allow Whitmore an opportunity to amend his complaint in order to determine whether he is asserting any claims outside the scope of res judicata. *See Amanduron v. Am. Airlines,* 416 F. App'x 421, 423 (5th Cir. 2011) ("Generally a district court errs in dismissing a pro se complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend." (internal quotation marks omitted)).

V.

For the foregoing reasons,

**IT IS ORDERED** that the motions to dismiss are **GRANTED IN PART** and that all of plaintiff's claims in the above-captioned matter are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Whitmore may file an amended complaint no later than **Friday, June 2, 2017**. If Whitmore does not timely file an amended complaint, this Court will dismiss the lawsuit with prejudice. If an amended complaint is timely filed and if the defendants take the position that the claims in Whitmore's amended complaint are barred by res judicata or otherwise, they shall file motions to dismiss this lawsuit with prejudice no later than **June 19, 2017**.

New Orleans, Louisiana, May 16, 2017.

_____
LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE